UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GAYLE BRADLEY<br>2211 Dominion Dr.<br>Fort Mitchell, KY 41017 | : <br> : <br> : <br> : | Case No. 1:21-cv-00581 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| MORRIS FURNITURE COMPANY<br>c/o statutory agent Edward M. Kress<br>1 South Main Street<br>Suite 1300<br>Dayton OH 45402 | : <br> : <br> : | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | | |

Plaintiff Gayle Bradley, complaining of Defendant Morris Furniture Company, states as follows:

## PARTIES

1. Plaintiff Gayle P. Bradley ("Plaintiff") is a resident and citizen of the State of Ohio and a citizen of the United States.

2. Defendant Morris Furniture Company ("Morris" or "Defendant") is an Ohio corporation doing business in Ohio with its principal place of business in Ohio.

3. Defendant is an employer under federal and Ohio law and is liable for the claims brought in this complaint.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States. Plaintiff's Count I arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615, *et. seq.* ("FMLA"), Count II, arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Count IV arises

1

under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., as amended ("ADEA").

5. This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367, because they arise out of the same set of operative facts as those relevant to Counts I, II, and IV so as to make them part of the same case in controversy.

6. Venue is proper in the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to these claims occurred in this division and district.

7. Plaintiff timely filed a Charge of Discrimination regarding disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") under its work-sharing agreement with the Ohio Civil Rights Commission. The charge of age discrimination was not filed with the Ohio Civil Rights Commission, as Plaintiff did not elect an administrative remedy under Ohio law.

8. Plaintiff was issued a Notice of Right to Sue from the EEOC, and this Complaint is filed within 90 days of the Notice.

## FACTUAL ALLEGATIONS

9. Plaintiff is a sixty-five-year-old woman.

10. Plaintiff has at all relevant times been disabled by lymphedema or cancer.

11. At all relevant times, Plaintiff's disabilities significantly impacted her life activities of lifting, sleeping, stamina, or manual tasks.

12. Defendant is a home furniture consumer retailer with multiple stores in Ohio and Kentucky.

13. Plaintiff began her employment with Defendant as a General Manager of one of its stores on April 23, 2018.

14. Plaintiff was a loyal and dedicated employee of Defendant and was fully qualified for her position at all times.

15. Defendant was aware of Plaintiff's disabilities, because she told Defendant's Regional Manager Teresa Richardson and Human Resources Director Sabrina Ingram about her cancer diagnosis and disabilities.

16. Soon after informing Defendant of her disability in January 2019, Plaintiff began receiving writeups and was threatened with termination by her supervisor.

17. Plaintiff requested leave and other accommodations from Defendant, including days off for chemotherapy, radiation, surgery, and medication side-effects.

18. Specifically, Plaintiff required time off for treatment in April, May, and June 2019 and in September 2019 as accommodations for her disability.

19. Plaintiff's absences qualified for FMLA leave.

20. Defendant knew Plaintiff's absences qualified for FMLA leave, but they refused to offer her FMLA leave.

21. Plaintiff informed corporate management of her supervisor's disregard for her disability and leave, but Defendant did not remedy Plaintiff's concerns.

22. Shortly after returning from disability leave in October 2019, Plaintiff's then significantly younger supervisor Regional Manager Cody Fitzpatrick transferred Plaintiff to a store that was scheduled to be closed.

23. At the same time, two non-disabled, much younger General Managers, Megan Turner and Joshua Thorpe, were transferred to stores that were not closing.

24. When the store to which Plaintiff was transferred closed, Defendant gave Plaintiff a choice between transferring to a known problem store or a demotion and pay cut.

25. The problem store's previous General Manager, Brett Lawson, had been transferred from the problem store to a better one, despite performance issues in the store.

26. Brett Lawson is in his thirties and is not disabled.

27. Plaintiff took the transfer to the problem store to avoid demotion and addressed the store's challenges.

28. Defendant terminated Plaintiff on March 6, 2020, using a problem employee's complaint as pretext for her termination, knowing the complaint was false and made in bad faith.

29. At the time of Plaintiff's termination, she still had an accommodation in place for her disabilities in the form of intermittent FMLA leave.

30. Plaintiff was replaced by a non-disabled, much younger manager who did not take FMLA-protected leave and whose store was closing.

31. Defendant deliberately terminated Plaintiff under false pretenses to retain the less-qualified younger manager.

32. Defendant engages in a pattern and practice of age discrimination.

33. For example, Darlene Hatton, who is in her sixties, a former Showroom Coordinator, was told by Defendant's upper management she was too old and they wanted to hire someone younger. She was terminated and replaced by a much younger man.

34. Kathy Kraus, who is also in her sixties, was demoted to Showroom Manager from General Manager. The new General Manager who replaced her was a much younger man, and younger employees were paid more than Ms. Kraus after her demotion.

35. Defendant engages in a pattern and practice of discrimination against disabled employees.

36. Defendant engages in a pattern and practice of discrimination against employees who take FMLA-protected leave and interfering with their FMLA right to leave.

## COUNT I

### (FMLA Interference)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

4

38. Plaintiff had a serious health condition.

39. Plaintiff availed herself of her right to FMLA leave as a result of her serious health condition by properly notifying Defendant of her need for medical leave and by taking medical leave.

40. Defendant interfered with Plaintiff's FMLA rights by discriminating against her and discharging her for taking FMLA leave, by refusing to grant her FMLA leave or notify her of her eligibility for FMLA leave, and by terminating her employment to prevent her from taking more leave, in violation of the FMLA.

41. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

## COUNT II

### (Disability Discrimination – ADA)

43. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

44. Plaintiff was fully qualified for her position at all relevant times.

45. Plaintiff requested reasonable accommodation for her disability.

46. Plaintiff complained to Defendant that she was being discriminated against because of her disability.

47. Defendant discriminated against Plaintiff because she is disabled, it perceived her as disabled, or she had a record of a disability; because she requested accommodation for her disabilities; and because she complained that Defendant discriminated against her because of her disability.

48. Defendant discriminated against Plaintiff by treating her less favorably than non-disabled people and terminating her employment, in violation of the ADA.

5

49. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

## COUNT III

### (Disability Discrimination – O.R.C. Chapter 4112)

51. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

52. Plaintiff was fully qualified for her position at all relevant times.

53. Plaintiff requested reasonable accommodation for her disability.

54. Plaintiff complained to Defendant that she was being discriminated against because of her disability.

55. Defendant discriminated against Plaintiff because she is disabled, it perceived her as disabled, or she had a record of a disability; because she requested accommodation for her disabilities; and because she complained that Defendant discriminated against her because of her disability.

56. Defendant discriminated against Plaintiff by treating her less favorably than non-disabled people and terminating her employment, in violation of Ohio Revised Code Chapter 4112.

57. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief.

## COUNT IV

### (Age Discrimination – ADEA)

59. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

6

60. Plaintiff is over 40 years old.

61. Plaintiff was fully qualified for her position at all relevant times.

62. Defendant discriminated against Plaintiff because of her age by terminating her employment in lieu of and replacing her with a less qualified, substantially younger person and by treating her less favorably than substantially younger employees, in violation of the ADEA.

63. Defendant's conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

64. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under the ADEA.

## COUNT V

### (Age Discrimination – O.R.C. Chapter 4112)

65. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

66. Plaintiff is over 40 years old.

67. Plaintiff was fully qualified for her position at all relevant times.

68. Defendant discriminated against Plaintiff because of her age by terminating her employment in lieu of and replacing her with a less qualified, substantially younger person and by treating her less favorably than substantially younger employees, in violation of Ohio Revised Code Chapter 4112.

69. Defendant's conduct was intentional, in bad faith, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

70. As a direct and proximate result of Defendant' unlawful conduct, Plaintiff has suffered injury and damage, and she is entitled to relief under Ohio Revised Code Chapter 4112.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    (a)    That Plaintiff be reinstated to her employment;

(b) That Defendant be enjoined from further unlawful activity;

(c) That Plaintiff be awarded all past, present, and future lost compensation and benefits and the value thereof;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded liquidated damages;

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs;

(h) That Plaintiff be awarded prejudgment interest;

(i) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation or benefits over separate tax years; and

(j) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ Elizabeth S. Tuck
Elizabeth S. Tuck (0076542)
Trial Attorney for Plaintiff
The Tuck Firm, LLC
810 Sycamore Street, Fourth Floor
Cincinnati, OH  45202
Phone: (513) 545-6781 / Fax: (513) 263-9081
*lisa@tuckfirm.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Elizabeth S. Tuck